**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 16 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELLEN PRICE, also known as
Ellen Shelton,

Defendant - Appellant.

No. 01-4208
(D.C. No. 2:00-CR-126-W)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **PORFILIO** , **ANDERSON,** and **BALDOCK,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Ellen Price pled guilty to two counts of aiding and assisting in the filing of false tax returns, in violation of 26 U.S.C. § 7206(2), and to one count of making and subscribing a false tax return, in violation of 26 U.S.C. § 7206(1). She was sentenced, inter alia, to eighteen months in prison. On appeal, she challenges only the determination of her sentence, contending that the district court erred in enhancing her sentence on the basis that her conduct involved "sophisticated concealment" under USSG § 2T1.4(b)(2). We affirm.

Price was employed by the Internal Revenue Service from 1976 to 1986 as a taxpayer service representative. She was convicted of soliciting a bribe from a taxpayer and was fired from the IRS. Price subsequently began operating a tax preparation and accounting business. As a result of an informant's tip, the IRS began investigating defendant's preparation of tax returns, and the government eventually indicted her on nine counts of aiding and assisting in the filing of false tax returns (for others) and one count of making and subscribing a false tax return (for herself). The aiding-and-assisting counts generally alleged that on Schedule Cs for self-employed taxpayers, she understated gross receipts, overstated expenses, and understated net profit. Some counts also alleged that the returns she prepared falsely claimed head of household deductions and earned income credits. Price pled not guilty and proceeded to trial, but on the second day of trial, she pled guilty to the three charges noted above.

Relevant to this appeal, the presentence report recommended that her sentence be enhanced because her offense conduct involved sophisticated concealment. The report did not specifically identify the conduct warranting this enhancement. Price objected to this recommendation, arguing that her conduct was "rather blatant and simplistic," that she "simply plugged in numbers which would reduce the tax liability of the client," and that she retained all the original taxpayer documents "which made it easy for IRS investigators to discover the discrepancies." R. Vol. I, Doc. 62 at 2-3. In support of the enhancement, the government argued that it had intended to introduce at trial evidence showing that Price used her detailed knowledge of tax laws and insider knowledge of the IRS, such as the ratios of expenses to gross income that could trigger audits and the intricacies of the Earned Income Tax Credit, to maximize the fraudulent tax refunds for her clients, but minimize the risk of their being audited and discovered. The government did not present or cite any evidence in support of its position.

The district court agreed with the government and imposed a two-level enhancement for sophisticated concealment. Combined with a base offense level of thirteen, a two-level enhancement under USSG § 2T1.4(b)(1) because Price was in the business of preparing tax returns, and a two-level reduction for acceptance of responsibility, the total offense level was fifteen. With a criminal

history category of I, the sentencing range was eighteen to twenty-four months. The district court sentenced her to eighteen months. On appeal, Price challenges only the enhancement for sophisticated concealment. We review the district court's application of the Guidelines de novo and its factual findings for clear error. *United States v. Smith*, 264 F.3d 1012, 1015 (10th Cir. 2001).

Section 2T1.4(b)(2) provides a two-level enhancement if the offense involved "sophisticated concealment," which comment 3 explains

> means especially complex or especially intricate offense conduct in which deliberate steps are taken to make the offense, or its extent, difficult to detect. Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore bank accounts ordinarily indicates sophisticated concealment.

Repeating her district court position, Price contends on appeal that her conduct was not inordinately elaborate, and that she did nothing more than falsify tax returns without attempting subsequently to conceal the initial fraud. She likens her conduct to that of the taxpayer in *United States v. Rice*, 52 F.3d 843, 849 (10th Cir. 1995), where this court reversed an enhancement for sophisticated concealment. In *Rice*, we explained that "[i]n substance, Mr. Rice's fraud is the functional equivalent of claiming more in itemized deductions than actually paid. If that scheme is sophisticated within the meaning of the guidelines, then every fraudulent tax return will fall within that enhancement's rubric." *Id.*

-4-

Price also has moved to strike the government's brief on appeal. She contends the government improperly relies on an exhibit that was never admitted in the proceedings before the district court. The exhibit in question is an affidavit by an IRS special agent that was used to obtain the search warrant for Price's residence. The government claims it had submitted the exhibit to the district court, and to Price, before trial, but Price pled guilty before the government moved to place the exhibit into evidence. Price contends that she would have challenged whether the affidavit was reliable enough for sentencing purposes had the court expressly considered it at sentencing. She does not identify, however, the effect of the government's allegedly improper reliance on the exhibit; i.e., what alleged facts are unsupportable without it. In responding to the motion, the government identified other portions of the record that it contends support the facts contained in the affidavit. Although Price claims she does not concede that these additional citations support the government's factual assertions, she argues that the government should be required to file an amended brief with the proper citations.

We find the motion to strike moot. Although the government ordinarily should not cite evidence on appeal that was not presented to the district court, the

exhibit provides at best only minimal support for the government's position in the district court, and we need not consider it. [1]

Turning to the merits of her appellate argument, we conclude Price has not demonstrated that the district court clearly erred in determinating that her conduct involved sophisticated concealment under § 2T1.4(b)(2). As in the district court, she fails to refute or even address the government's argument, and the district court's determination, that she used her insider knowledge of the IRS to minimize the chances of her fraud being detected. This is not simply a case of her inflating expenses and reducing income. The district court determined that she carefully manipulated the numbers on her clients' returns–at times, even decreasing certain expenses and increasing income–to minimize her clients' tax liability while at the same time minimizing the chances of her clients' being audited. *See United States v. Guidry*, 199 F.3d 1150, 1158 (10th Cir. 1999). Additionally, we reject her argument that the district court erred because it noted that she had repeated her fraudulent conduct several times. *See United States v. Lewis*, 93 F.3d 1075, 1083 (2d Cir. 1996) (holding that while repetitive conduct alone does not show sophisticated concealment, such conduct may be relevant to show that more than routine planning was involved).

---

[1]     The exhibit largely supports arguments in favor of the enhancement that the government never presented to the district court, which the district court never considered, and which we in turn will not consider.

-6-

The judgment of the district court is AFFIRMED.  The motion to strike is DENIED as moot.

Entered for the Court


Stephen H. Anderson
Circuit Judge